**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 24-4013**

―――――――――――

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

LEON PRATER,

              Defendant - Appellant.

―――――――――――

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:10-cr-00041-JPB-JPM-1)

―――――――――――

Submitted:  October 31, 2024                      Decided:  November 7, 2024

―――――――――――

Before GREGORY, WYNN, and BERNER, Circuit Judges.

―――――――――――

Vacated and remanded by unpublished per curiam opinion.

―――――――――――

**ON BRIEF:**  Brendan S. Leary, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Wheeling, West Virginia, for Appellant.  William Ihlenfeld, United States Attorney, Carly Cordaro Nogay, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leon Prater appeals his 18-month revocation sentence. Counsel initially filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Prater's revocation sentence is plainly unreasonable. Prater was advised of his right to file a pro se supplemental brief, but he did not do so. After reviewing the record, we ordered supplemental briefing to address: (1) whether the district court correctly concluded that Prater's violation for new criminal conduct qualified as a Grade A violation; and (2) whether the district court considered Prater's nonfrivolous arguments for a lesser sentence. Because Prater's revocation sentence is plainly procedurally unreasonable, we vacate the sentence and remand for resentencing.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. [We] will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). To determine "whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable," applying the same general considerations used in evaluating original sentences, "with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). "Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly

2

unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

Because the parties agree that any error in the district court's calculation of Prater's advisory policy statement range was harmless, we move on to whether the district court considered Prater's nonfrivolous arguments for a lesser sentence. We have repeatedly stated that "we cannot effectively review the reasonableness of [a] sentence without the assurance that the court considered any potentially meritorious arguments raised by [a defendant] with regard to his sentencing." *Id.* at 439 (cleaned up). And, although the explanation requirement for revocation sentences "is a low bar, the record must reflect some affirmation that the court considered the arguments in mitigation made by a defendant." *Id.* at 440. Thus, "where a court entirely fails to mention a party's nonfrivolous arguments in favor of a particular sentence, or where the court fails to provide at least some reason why those arguments are unpersuasive, even the relaxed procedural requirements for revocation sentences are not satisfied." *Id.* at 438 (cleaned up).

During the revocation hearing, Prater's counsel presented four nonfrivolous arguments for a sentence of time served: (1) Prater had been on work release while serving his state sentence and had maintained steady employment; (2) Prater completed numerous self-improvement courses during his incarceration; (3) Prater had a solid release plan with community support; and (4) the most serious violation reflected the same conduct for which Prater had been sentenced in state court. Counsel supported these arguments with multiple exhibits, and Prater followed up with a compelling allocution. For its part, the Government

3

asked the district court to impose a sentence of 18 months' imprisonment with no supervised release to follow.

The district court did not engage with Prater or counsel during the brief revocation hearing or give any indication that it was seriously considering their detailed arguments for a sentence of time served. And when imposing the 18-month sentence, the district court did not address or acknowledge any of those arguments. This was plain error, as our precedent is clear that the district court must, at a minimum, acknowledge that it has considered the defendant's arguments. *See id.* at 436-40; *United States v. Ross*, 912 F.3d 740, 746 (4th Cir. 2019) ("Plain errors exist if the settled law of the Supreme Court or this [C]ircuit establishes that an error has occurred" (internal quotation marks omitted)).

The Government's argument to the contrary is that, because the district court allowed the parties to argue and imposed a sentence below Prater's policy statement range, the court must have considered Prater's arguments. There are several problems with this reasoning. First, we may not "assume that the court has silently adopted arguments presented by a party." *United States v. Nance*, 957 F.3d 204, 214 (4th Cir. 2020) (internal quotation marks omitted). Second, there is no evidence that the district court considered the policy statement range at all when imposing its sentence. And, finally, the 18-month sentence is the one the Government requested and was months longer than the sentence of time served that Prater asked for.

Because Prater's revocation sentence is plainly procedurally unreasonable, we vacate the sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court

4

and argument would not aid the decisional process.  The mandate shall issue forthwith so that resentencing may proceed without delay.

*VACATED AND REMANDED*